**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA LILIA LOPEZ, | No. 07-70138 |
| Petitioner, | Agency Nos. A078-112-627 |
| | A095-234-349 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 1, 2009[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Martha Lilia Lopez petitions for review of the Board of Immigration

Appeals's ("BIA") decision determining that she is ineligible for cancellation of

removal. We review the BIA's factual determinations, "including the

determination of continuous presence," for substantial evidence. Ibarra-Flores v.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

Gonzales, 439 F.3d 614, 618 (9th Cir. 2006). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We grant the petition for review.

The facts of this case are known to the parties. We do not repeat them.

The BIA's finding that the cancellation of Lopez's border crossing card broke her continuous presence in the United States is not supported by substantial evidence. An alien's continuous presence is not broken when she is refused admission into the country by immigration officials. Tapia v. Gonzales, 430 F.3d 997, 1002 (9th Cir. 2005). Instead, "the record must contain some evidence that the alien *was informed of and accepted* [*the*] *terms*" of a departure agreement. Ibarra, 439 F.3d at 619 (quoting Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 908 (8th Cir.2005)). Here, the only evidence is Lopez's passport, in which an immigration officer wrote "22 C.F.R. § 41.122(h)(3)," and Lopez's testimony that she signed, without reading, an unidentified document when her border crossing card was canceled and she was denied entry. This evidence is not sufficient to lead a reasonable mind to conclude that Lopez was informed of and accepted the terms of a voluntary departure (or like) agreement.

**PETITION GRANTED** and **REMANDED**.